IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| AUNDRAE CANNON WHITE, | ) | Civil Action No. 4:12-333-TLW |
| | ) | Criminal No. 4:09-75-TLW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Aundrae Cannon White. ("Petitioner" or "Defendant"). On January 27, 2009, a federal grand jury returned a three-count Indictment charging Petitioner with firearms and drug offenses in violation of 18 U.S.C. §§ 922 and 924 and 21 U.S.C. §§ 841. (Doc. # 2). On August 6, 2009, Petitioner pled guilty to Count 1 of the Indictment, Felon In Possession of Firearms and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924. (Docs. # 40 and # 42). The Plea Agreement in the case included an express waiver by Petitioner of his right to contest his sentence in post-conviction proceedings. (Doc. # 42 at ¶ 13). On December 9, 2009, a sentencing hearing was held in which Petitioner was sentenced to a term of imprisonment of 64 months. (Docs. # 54 and # 57). Petitioner did not notice an appeal.

On February 3, 2012, Petitioner filed the present action raising one ground of relief. (Doc. # 61). On March 5, 2012, the Government filed its response and moved to dismiss the petition. (Doc. # 66). Pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed March 6, 2012 that he had thirty-four (34) days to file material in

opposition to the Government's motion. (Doc. # 67). Petitioner filed a response in opposition on March 27, 2012. (Doc. # 70). The matter is now ripe for decision.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the Court that imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error, and that '"[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" 334 Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. §

2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

### DISCUSSION

According to the Government, Petitioner's sole argument for relief is that he was erroneously assessed a criminal history point based upon a prior South Carolina drug conviction. (Doc. # 66). It is undisputed that the conviction at issue is Petitioner's 2007 conviction for the offense of Possession with Intent to Distribute Cocaine, 1st Offense, for which the pre-sentence report indicates Petitioner was sentenced to a five year term of incarceration suspended to a one year term of probation. (Doc. # 56 at ¶ 25). It is likewise undisputed that while Petitioner served no prison time as a result of this conviction, the offense in question carries with it a maximum term of incarceration of over one year. Petitioner concedes as much in his own submission when he acknowledges that his five year prison sentence was suspended. (Doc. # 61 at p. 5).

The terms of United States Sentencing Guideline § 4A1.1(a)-(c) are clear with respect to prior convictions. A defendant is to receive one criminal history point for each prior sentence that does not result in at least 60 days imprisonment, up to a maximum of four points. In the instant case, Petitioner was properly assessed a single criminal history point for his 2007 Possession with Intent to Distribute Cocaine conviction, a conviction for which he was nominally sentenced to five years imprisonment but in fact did not serve any actual term of imprisonment.

Nothing in the Fourth Circuit's recent opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), provides a basis to conclude that Petitioner should not have received a criminal history point for the conviction at issue here. As the Government notes in its brief, Simmons concerned the unique sentencing regime in North Carolina's state court system and a particular

North Carolina drug offense the violation of which does not necessarily subject the offender to the possibility of a one year term of incarceration. That is simply not true of the South Carolina offense at issue here.

Nor does the <u>Simmons</u> case somehow serve to excuse the lateness of Petitioner's filing. The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year period of limitation within which a petitioner must bring any federal habeas corpus petition. 28 U.S.C. § 2255. According to the statute, the limitation period shall run to the last of:

1. The date on which the judgment of conviction becomes final;
2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
4. The date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f) (1)-(4).

Where there is no direct appeal, the judgment of conviction becomes final when the fourteen day notice of appeal period expires. <u>See</u> <u>Sherill v. United States</u>, 2006 WL 462092 *1 (W.D.N.C. Feb. 23, 2006); <u>see also</u> Fed. R. App. P. 4(b)(1)(A) (effective December 1, 2009, criminal defendants now have fourteen (14) days to notice an appeal). Where there is a direct appeal, the judgment of conviction becomes final when the time for filing a writ of certiorari

challenging the appellate court's affirmation of the conviction (or for filing a petition for rehearing) expires. See Clay v. United States, 537 U.S. 522, 525 (2003).

Here Petitioner's judgment of conviction entered on December 22, 2009 and Petitioner did not appeal his conviction. (Doc. # 57). As such, Petitioner's judgment became final in or about early January 2010 and Petitioner's one year limitation period to file under § 2255 expired one year later, in or about early January 2011. As noted, Petitioner did not file this § 2255 action until February 3, 2012. (Doc. # 61). Although the Fourth Circuit does recognize a doctrine of equitable tolling, the Court's review of the record does not reveal any viable grounds supporting an equitable tolling of the applicable one-year limitation period in this case.

Moreover, as the Government emphasizes throughout its brief, Petitioner signed a plea agreement in which he expressly waived his right to do that which he is now attempting; that is, to mount a post-conviction attack on his sentence by way of a § 2255 petition. (Doc. # 42 at ¶ 13).

Finally, although the Government takes the position that Petitioner is challenging the assessment of a criminal history point based upon his prior South Carolina drug conviction, the Court notes that Petitioner's claim can be read more broadly as a challenge to his original classification and eventual conviction as a felon not to possess firearms. (Doc. # 61 at p. 4). To the extent that Petitioner in fact argues that his underlying South Carolina drug conviction is not a qualifying offense for purposes of 18 U.S.C. § 922(g), the Court finds this argument to be likewise without merit. The felon in possession statute provides that "it shall be unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to . . . possess . . . any firearm or ammunition." 18 U.S.C. § 922(g)(1)

(emphasis added). Again, although Petitioner did not serve active time on his prior South Carolina drug conviction, the offense was certainly one punishable by more than one year imprisonment, as evidenced by the five year suspended sentence that Petitioner himself received for the offense.

## **CONCLUSION**

Based upon all of the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED** (Doc. # 61) and the Government's motion to dismiss is **GRANTED**. (Doc. # 66).

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

July 25, 2012                                                           __s/Terry L. Wooten_____  
Florence, South Carolina                       United States District Judge